IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GLOBAL ARCHERY PRODUCTS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JORDAN GWYTHER d/b/a/ ) <br> LARPING.ORG and UPSHOT ARROWS ) <br> ) <br> Defendant. ) | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Global Archery Products, Inc. ("Global"), as and for its Complaint against Defendant Jordan Gwyther d/b/a Larping.org and Upshot Arrows (hereinafter collectively all referred to as "Larping"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action under (1) the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Larping of U.S. Patent Nos. 8,449,413 and 8,932,159; (2) the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, for trademark infringement, false advertising and unfair competition; and (3) the common laws for the State of Indiana for tortious interference with contractual relationships, tortuous interference with business relationships, criminal mischief, and deception.

### PARTIES

2. Global is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 101 Archery Way, Ashley, IN 46705.

3. Upon information and belief, Larping is an individual residing in Seattle, Washington having a business address of 2440 Western Avenue, Seattle, WA 98121.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Global's claims pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. §1338 (acts of Congress related to trademarks and pendent claims), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Larping because, *inter alia*, Larping has done and continues to do business in the State of Indiana, and upon information and belief, Larping has committed and continues to commit acts of patent infringement in the State of Indiana, including offering for sale, selling, making available, and shipping accused products to customers in Indiana via mail, via its website at [www.larping.org](www.larping.org) and [www.upshotarrows.com](www.upshotarrows.com), all of which are available to residents in this judicial district. During its investigation into this matter, Global purchased from Larping products and services accused of infringement herein in the State of Indiana and within this judicial district. Further, Larping markets, promotes, sells, and offers for sale the infringing products and has committed the acts of patent infringement, trademark infringement, false advertising based on false and/or misleading claims, tortious interference with contractual and business relationships, complained of herein, through sources such as www.google.com, which is readily available and directed to residents of this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Global's principal place of business is in this judicial district, the trademarks in suit are assigned to Global, the Patent-in-Suit, as defined below, is assigned to Global, Larping is subject to personal jurisdiction in this district, and, upon information and belief, Larping has committed and continue to commit acts of trademark infringement, false advertising, patent

infringement, and tortious interference with business relationships in this district, including offering for sale and selling the accused products and services by mail and via its website at www.larping.org and www.upshotarrows.com within this district.

## PATENTS-IN-SUIT

7. On May 28, 2013, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,449,413 (the "`413 Patent"), entitled "Non-Lethal Arrow," based upon an application filed by inventors Matthew Reed Lennon and John Jackson. A true and correct copy of the `159 Patent is attached hereto as Exhibit A.

8. On January 13, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,932,159 (the "`159 Patent"), entitled "Non-Lethal Arrow," based upon an application filed by inventors Matthew Reed Lennon and John Jackson. A true and correct copy of the `159 Patent is attached hereto as Exhibit B.

9. The `413 and `159 Patents generally relate to a non-lethal arrow that is used in activities marketed and promoted by Global and its authorized licensees under the ARCHERY TAG® trademark.

10. By assignment, Global is the owner of the `413 and `159 Patents and has the right to sue and recover damages for infringement thereof.

## TRADEMARKS

11.     Global is the owner of U.S. Trademark Registration No. 4,208,868 for the ARCHERY TAG® trademark for use in connection with non-lethal arrows and archery bows, and face masks for archery.  *See* Exhibit C

12.     Global is the owner of U.S. Trademark Registration No. 4,208,868 for the ARCHERY TAG® trademark for use in connection with entertainment services, namely, organizing, planning and conducting archery related events, competitions, games, sessions and activities.  *See* Exhibit D.

13.     The ARCHERY TAG® trademarks were assigned to Global from Deerspace LLC on October 5, 2015.  *See* Exhibit E.

## FACTUAL ALLEGATIONS

10.     Larping is selling and offering for sale in the United States products it refers to as the "Crossbow Bolt", "Flat Tip Larp Arrow", "Glow in the Dark Larp Arrow", and "Round Tip Larp Arrow" (collectively referred to hereinafter as the "Larp Arrows").  Representative images of the Larp Arrows are set forth below.



Larping has recently launched a new website in which markets the non-lethal arrows at www.upshotarrows.com. These arrows, which are depicted below, are also referred to herein as the Larp Arrows.



11. Larping is using the ARCHERY TAG® trademarks on advertising for the Larp Arrows. *See* Exhibit F.

12. Larping is using the ARCHERY TAG® trademarks as paid key words with one or more search engines such as, by way of example, Google.

13. Larping is using the ARCHERY TAG® trademark on Amazon.com to market and promote competing sets of ARCHERY TAG® equipment.

6



14. Larping is not authorized or licensed to use the ARCHERY TAG® trademarks.

15. Upon information and belief, on at least one occasion, Larping placed a paid advertisement on Google in which Larping stated that the Larp Arrows are "Better than Archery Tag!"



16. Upon information and belief, Larping has not conducted any study or other detailed independent analysis to support such a statement about the Larp Arrows versus Global's patented arrows.

17. Upon information and belief, Larping has used Global's website to gather a list of Global's licensees.

18. Larping has contacted Global's licensees using contact information Larping gathered from Global's website and has attempted to persuade Global's licensees to terminate their license with Global and use the Larp Arrows instead of Global's patented arrows.

## COUNT I
## INFRINGEMENT OF THE `413 PATENT BY LARPING

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. Upon information and belief, Larping has infringed one or more claims of the `413 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, products referred to as the Larp Arrows. Upon information and belief, Larping's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

21. Upon information and belief, Larping has committed the foregoing infringing activities without license from Global.

22. As a result of Larping's infringement of the `413 Patent, Global has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Larping's infringement, but in no event less than a reasonably royalty, together with interest and costs.

23. Global has suffered and will continue to suffer harm and damages in the future unless Larping's infringing activities are enjoined by this Court. As such, Global is entitled to compensation for any continuing or future infringement up until the date that Larping is finally and permanently enjoined from further infringement.

## COUNT II
## INFRINGEMENT OF THE `159 PATENT BY LARPING

24. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

25. Upon information and belief, Larping has infringed one or more claims of the `159 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, products referred to as the Larp Arrows. Upon information and belief, Larping's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

26. Upon information and belief, Larping has committed the foregoing infringing activities without license from Global.

27. As a result of Larping's infringement of the `159 Patent, Global has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Larping's infringement, but in no event less than a reasonably royalty, together with interest and costs.

28. Global has suffered and will continue to suffer harm and damages in the future unless Larping's infringing activities are enjoined by this Court. As such, Global is entitled to compensation for any continuing or future infringement up until the date that Larping is finally and permanently enjoined from further infringement.

## COUNT III
## INFRINGEMENT OF FEDERAL TRADEMARKS

29. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

30. Global is the owner of U.S. Trademark Registration Nos. 4,208,868 and 4,208,867 for the ARCHERY TAG® trademark for use in connection with, as it relates to the present action, non-lethal arrows. These registrations are now valid, subsisting, uncancelled and unrevoked.

31. Continuously since on or about June 4, 2011, Global has used its ARCHERY TAG® trademark in connection with and to identify its non-lethal arrows and to distinguish said products by, and without limitation, prominently displaying said mark on packaging, advertising, and promotional materials distributed throughout the United States.

32. Larping has infringed Global's registered mark in interstate commerce by various acts, including, without limitation:

    a. The selling, offering for sale, promotion and advertising of non-lethal arrows under the name ARCHERY TAG of a type almost identical, to the type of non-lethal arrows offered by Global; and

    b. The paid placement of advertising using the ARCHERY TAG® trademark as key words for search engines.

33. Larping's use of the infringing ARCHERY TAG mark in connection with non-lethal arrows is without permission, license, or authority of Global and said use is likely to cause confusion, to cause mistake and/or to deceive a consumer in violation of 15 U.S.C. § 1114.

34. Larping's use of the infringing ARCHERY TAG mark in connection with non-lethal arrows has been made notwithstanding Global's well-known and prior established rights in the trademark ARCHERY TAG® and with notice of Global's federal registration rights under 15 U.S.C. § 1072.

35. Larping's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Global's business, reputation and good will in its federally registered ARCHERY TAG® trademarks.  KM has no adequate remedy at law.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. Larping has used the designation ARCHERY TAG in connection with non-lethal arrows in interstate commerce in violation of 15 U.S.C. § 1125.

38. Larping's use of the designation ARCHERY TAG is a false designation of origin, a false or misleading representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection, or association of Larping with Global

and as to the origin, sponsorship, or approval of Larping's products and commercial activities by Global.

39. Larping's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Global's business, reputation and good will in its ARCHERY TAG® trademark. Global has no adequate remedy at law.

## COUNT V
## FALSE ADVERTISING

40. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

41. As illustrated below, in Larping's paid advertising on search engines Larping has made false and/or misleading statements of fact that indicate that Larping's non-lethal arrows are "Better than Archery Tag!"

> Foam Arrows & Archery - larping.org
> Ad  www.arrows.larping.org/
> Better than Archery Tag! Foam Arrow Safety Tested with 4 Year Warranty

42. Upon information and belief, Larping has made its false or misleading statements with knowledge of their falsity and/or misleading character, and/or willfully and with reckless disregard for their falsity or misleading character in violation of 15 U.S.C. § 1125.

43. Upon information and belief, Larping's statements will confuse and/or deceive a segment of its intended audience into believing that Larping has a factual basis to assert that the Larp Arrows are in fact better than the patented ARCHERY TAG® non-lethal arrows.

44. Larping's statements are material as it relates to customers' purchasing decisions.

45. Larping caused and directed its false or misleading statements to enter interstate commerce.

## COUNT VI
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

46. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

47. Global has valid and existing contracts with its licensees.

48. Upon information and belief, Larping knew of these contractual relations as Larping used Global's website to obtain contact information for its licensees.

49. Upon information and belief, Larping has contacted Global's licensees and made false, misleading and/or deceptive statements to Global's licensees to further Larping's own business opportunities, promote the sale of its products and induce Global's licensees to breach their contracts with Global.

50. Such interference was without justification and caused Global damage.

51. Larping's actions were harmful, willful, wanton and undertaken with a callous disregard to Global's interests and contractual relationships.

52. As a result of Larping's tortuous interference with Global's contractual relationships, Global respectfully requests this Court to enter judgment against Larping in such an amount to be proven at trial, together with punitive damages, pre-judgment and post-judgment interest at the highest legal rate, the costs of this action, and all other relief as this Court deems just and proper.

## COUNT VII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

53. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

54. Global has valid and existing business relationships with its licensees.

55. Upon information and belief, Larping knew of these business relationships as Larping used Global's website to obtain contact information for its licensees.

56. Upon information and belief, Larping has contacted Global's licensees and made false, misleading and/or deceptive statements to Global's licensees to further Larping's own business opportunities, promote the sale of its products and interfere with Global's business relationships.

57. Larping's conduct in interfering with Global's business relationships was illegal since it utilized actions prohibited by federal statutes and Indiana law.

58. Larping's actions were harmful, willful, wanton and undertaken with a callous disregard to Global's interests and business relationships. Punitive damages in this action against Larping are appropriate to deter such conduct in the future and to serve the public good.

59. As a result of Larping's tortuous interference with Global's business relationships, Global respectfully requests this Court to enter judgment against Larping in such an amount to be proven at trial, together with punitive damages, pre-judgment and post-judgment interest at the highest legal rate, the costs of this action, and all other relief as this Court deems just and proper.

## COUNT VIII
## CRIMINAL MISCHIEF

60. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61. Pursuant to Indiana Code § 35-43-1-2, a person who knowingly or intentionally causes another to suffer pecuniary loss by deception or impairs the rights of another person commits criminal mischief.

62. Upon information and belief, Larping knowingly and intentionally made false, misleading and/or deceptive statements to Global's licensees with the intent to further Larping's own business opportunities and promote the sale of its products in the State of Indiana – actions that caused Global to suffer a pecuniary loss.

63. Pursuant to Indiana Code § 35-24-3-1, Global is entitled to recover from Larping three times its actual damages, the costs of this action, reasonable attorneys' fees, travel expenses, direct and indirect expenses incurred by Global related to attending any court proceedings, and reasonable costs of collection.

64. As a result of Larping's deceptive conduct, Global respectfully requests this Court to enter judgment against Larping in such amount as Global proves at trial, plus treble damages, the costs of this action, reasonable attorneys' fees, travel expenses, direct and indirect expenses incurred by Global related to attending any Court proceedings, reasonable costs of collection, pre-judgment and post-judgment interest at the highest legal rate, and that the Court grant such other relief as the Court deems just and proper.

### COUNT IX
### DECEPTION

65. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

66. Pursuant to Indiana Code § 35-43-5-3, a person commits the crime of deception if the person disseminates to the public an advertisement that the person knows is false, misleading, or deceptive, with intent to promote the purchase or sale of property or the acceptance of employment.

67. Upon information and belief, Larping knowingly and intentionally disseminated deceptive advertisements in the State of Indiana, or caused, controlled or otherwise directed deceptive advertisements to be issued in the State of Indiana, with the intent to promote the sale of property.

68. Larping's deceptive advertisements have damaged and caused harm to Global.

69. Pursuant to Indiana Code § 35-24-3-1, Global is entitled to recover from Larping three times its actual damages, the costs of this action, reasonable attorneys' fees, travel

14

expenses, direct and indirect expenses incurred by Global related to attending any court proceedings, and reasonable costs of collection.

70. As a result of Larping's deceptive conduct, Global respectfully requests this Court to enter judgment against Larping in such amount as Global proves at trial, plus treble damages, the costs of this action, reasonable attorneys' fees, travel expenses, direct and indirect expenses incurred by Global related to attending any Court proceedings, reasonable costs of collection, pre-judgment and post-judgment interest at the highest legal rate, and that the Court grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

71. Global demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Global respectfully prays for the following relief:

A. That Larping be adjudged to have infringed the `413 and `159 Patents;

B. That Larping, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the `413 and `159 Patents;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Global for Larping's past infringement and any continuing and/or future infringement up until the date that Larping is finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interests and costs against Larping, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284;

E. That Larping be directed to pay enhanced damages, including Global's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

F. That Larping be adjudged to have infringed Global's registered ARCHERY TAG® trademark;

G. That Larping be adjudged to have committed unfair competition by selling and offering for sale non-lethal arrows using the ARCHERY TAG® trademark;

H. An award of Larping's profits and actual damages suffered by Global as a result of Larping's acts of infringement, false designation of origin, and unfair competition, together with interest, and that Global's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

I. An Order preliminarily and permanently enjoining Larping, and its affiliates and subsidiaries, and each of their officers, agents, servants, employees, successors, and assigns and all others in concert and privity with them from using the name ARCHERY TAG or any confusingly similar version thereof in connection with the offering of non-lethal arrows, from infringement of U.S. Trademark Registration Nos. 4,208,868 and 4,208,867, from unfairly competing with Larping, from engaging in unfair and deceptive trade practices and from injuring Global's business reputation and diluting its trademark rights, pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116);

J. An Order directing Larping to file with this Court and serve on Global's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Larping has complied with the injunction;

K. An award to Global of its attorneys' fees, costs and expenses incurred in prosecuting this action, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

L. That Larping be adjudged to have committed false advertising in violation of 15 U.S.C. § 1125(a);

M. An Order preliminarily and permanently enjoining Larping, and its affiliates and subsidiaries, and each of their officers, agents, servants, employees, successors, and assigns and all others in concert and privity with them from continuing to unfairly compete with Global through advertisements, letters, promotional materials, articles or oral or written statements falsely, misleadingly, and deceptively stating that Larping's non-lethal arrows are better than Global's non-lethal arrows.

N. An award of monetary damages against Larping for damages caused by Global's false, misleading, deceptive, and/or tortuous acts;

O. An award of monetary damages against Larping in the amount of Larping's profits gleaned from its false, misleading, and or tortuous acts, pursuant to 15 U.S.C. § 1117;

P. An award of treble damages as a judgment against Larping for its willful violation of the Lanham Act pursuant to 15 U.S.C. § 1117;

Q. An award of Global's costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

R. An award of Global's actual damages, treble damages, costs and attorneys' fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1 or, in the alternative, punitive damages pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-3; and

S. That Global be given such other and further relief as this Court may deem just and proper.

Dated: October 13, 2015

s/Dean E. McConnell
Dean E. McConnell, Esq.  Atty No. 20254-49
DEAN MCCONNELL IP Law
9795 Crosspoint Blvd., Suite 185
Indianapolis, IN  46256

Phone:  (317) 653-2660
Fax:  (317) 653-2661

Email:  dean@dean-mcconnell.com