IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GLOBAL ARCHERY PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:15-cv-297-JVB-SLC |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| JORDAN GWYTHER d/b/a | ) | |
| LARPING.ORG and UPSHOT ARROWS, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF GLOBAL ARCHERY PRODUCTS, INC.'S
### BRIEF ON PERSONAL JURSIDICTION AND VENUE

Plaintiff Global Archery Products, Inc. ("Global"), by counsel and pursuant to the Court's *Order* [Doc. 34] hereby submits its brief regarding personal jurisdiction and venue.

### I.     FACTUAL BACKGROUND

This matter was initiated October 13, 2015 when Global filed its *Complaint* [Doc. 1]. In its Complaint, Global alleged that Defendant Jordan Gwyther d/b/a Larping.Org and Upshot Arrows ("Mr. Gwyther"), a resident of Washington, was unfairly competing with Global, an Indiana resident. [Doc. 1 at ¶¶ 2 and 3]. Specifically, Global alleged that Mr. Gwyther was improperly using Global's registered trademarks to market his products and was actively soliciting Global's licensees seeking to induce them to purchase Mr. Gwyther's products in violation of their respective license agreements. [*Id.* at ¶¶ 11-15 and 18] Global also alleged that some of the products being sold by Mr. Gwyther infringed two patents owned by Global. [*Id.* at ¶¶ 20 and 25].

On December 21, 2015, and after obtaining a sixty (60) day extension of time to respond to the *Complaint* in exchange for a waiver of service [Doc 9], Mr. Gwyther answered Global's

*Complaint.* [Doc. 11]. In *Defendant's Answer to Complaint and Affirmative Defenses*, Mr. Gwyther specifically denied that "this Court has personal jurisdiction over him." [Doc. 11 at ¶ 5] and that "venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b)." [*Id. at ¶* 6]. Gwyther also alleged *Defenses (Including Affirmative Defenses)* including "this Court lacks personal jurisdiction over Mr. Gwyther" and "venue is improper in this judicial district." [*Id.* at p. 27, ¶¶ 2 and 3].

On January 28, 2016, and pursuant to the Court's *Notice of Preliminary Pretrial Conference*, the parties filed their *Report of Parties' Planning Meeting*. [Doc. 15]. In this filing, Mr. Gwyther again asserted that "Mr. Gwyther denies that this court has personal jurisdiction over him and denies that venue is proper, pursuant to Fed. R. of Civ. P. 12(b)(2) and 12(b)(3)." [*Id.* at ¶ 2].

On February 1, 2016, Mr. Gwyther then filed his *Motion for Relief from Local Patent Rules, For Limited Discovery, and for a Show-Cause Hearing* (the "Motion"). [Doc 16]. In the Motion, Mr. Gwyther sought affirmative relief from this Court and asked it to suspend application of the *Local Rules of the United District Court for the Northern District of Indiana* and specifically Patent Rule 1-1 through 6-1. Mr. Gwyther attached to his Motion several exhibits including a copy of the German patent (which Mr. Gwyther contended constituted prior art) as well as translation of that patent provided by Google [Doc. 16-1]. Mr. Gwyther also included legal argument as to why Global's patent claims were "highly dubious" in light of the German patent. [Doc. 16 at p. 4].

Mr. Gwyther then sought additional affirmative relief from this Court by asking it to limit discovery to two issues:

1. Whether plaintiff can maintain claims of patent infringement where the claimed arrows and the accused products are identical in all material respects to the prior art; and

2. Whether plaintiff has evidence sufficient to raise a genuine issue of material fact concerning its remaining claims.

[*Id.* at p. 6].  According to Mr. Gwyther, both of these issue could be resolved by this Court on the merits with limited discovery of no more than 10 interrogatories, 20 requests for production, 10 requests for admissions (not including admissions as to authenticity or admissibility of documents) and 3 deposition.  [*Id.*].  Finally, Mr. Gwyther moved this Court to schedule a hearing on or before May 6, 2016 pursuant to Fed. R. Civ. P. 56.  [*Id.*]  The Motion did *not* raise (or even mention) Mr. Gwyther's defenses that this Court lacked personal jurisdiction over Mr. Gwyther or that venue was improper in this judicial district.

Global responded to the Motion on February 5, 2016.  [Doc. 19].  In its response, Global pointed out that the Motion was "nothing more than a premature attempt *to have this Court invalidate Global's patents-in-suit. . .* ) [Doc. 19 at p. 1 (emphasis added)].  Global also argued "this case should proceed as a normal case . . ." [Doc. 19 at p. 4].  On February 12, 2016, Mr. Gwyther filed *Defendant's Reply to Plaintiff's Response to Motion for Relief from Local Patent Rules, For Limited Discovery, and for a Show-Cause Hearing* [Doc. 25].  In his reply, Mr. Gwyther took issue with Global's argument and stated:

> Plaintiff argues that Mr. Gwyther is attempting to shift the burden of proving invalidity of the patents-in-suit. . . . . This is incorrect. *Mr. Gwyther will carry his burden of proof on invalidity . . .*

[Doc. 25 at p. 2 (emphasis added)].  Mr. Gwyther further argued that:

> a hearing will be held on or around May 6, 2016 t*o see whether Plaintiff's claims can survive a summary judgment motion. . . .* Of course, the particular dates for close of discovery and for the summary judgment hearing can and should be modified if necessary to fit the parties' *and the Court's schedule and to permit adequate briefing*. For example, Mr. Gwyther can be ordered to file a summary

3

>judgment brief no later than 28 days prior to the date when Plaintiff files its response, *consistent with N.D. Ind. L.R. 56-1(b).*

[*Id.* at p. 2 (emphasis added)].

On February 22, 2016, the Court then conducted a telephonic Rule 16 Preliminary Pretrial Conference during which:

>Court hears argument on [16] Motion for Relief from Local Patent Rules, For Limited Discovery and For a Show-Cause Hearing filed by Jordan Gwyther.

[Doc. 33].  The Court's entry then provided:

>Court GRANTS the motion in that the Court suspends the Local Patent rules. DISCOVERY DEADLINE is 5/6/2016. Court approves 15 interrogatories, 20 requests for admission, and 4 depositions per party. Rule 26(a)(1) disclosures to be exchanged by 2/23/2016. The deadline for leave to amend pleadings is 3/22/2016. Parties to file their selection of a mediator by 3/7/2016. Results of the Mediation shall be filed with the Court no later than 10 days before the Final Pretrial Conference. Magistrate Consent forms due by 3/14/2016. Following the close of discovery, and unless otherwise ordered by the Court, the assigned District Judge will establish all further deadlines and dates. Counsel to file a JOINT SETTLEMENT STATUS REPORT as the COMPLETION OF DISCOVERY. The Parties SHALL NOT file any Summary Judgment Motions until the District Judge holds a further Scheduling Conference.

[*Id.*]

On March 7, 2016, the parties agreed upon the selection of a mediator for this case and filed notice of their selection with the Court.  [Doc. 35].

## II.     ARGUMENT

Gwyther has waived any argument that this Court lacks personal jurisdiction over him or that venue is improper in this Court.  "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits *or* must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."  *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (emphasis added).  Both prongs of this test are

4

satisfied in this instance because Gwyther has given Global (and the Court) a reasonable expectation that it will defend the suit on the merits *and* has caused this Court to go to some effort that would be wasted if personal jurisdiction is later found lacking.  In *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 887-888, (7th Cir. 2004), the Seventh Circuit pointed out:

> a right can be waived or forfeited. If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue *because he wants to find out which way the wind is blowing*, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue.

(emphasis added).  These principals were applied by this Court in *Abandoned Property LLC v Kellams*, 2012 WL 1200781 (N.D. Ind. 2012).

In *Kellams*, the defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) claiming that the Court didn't have personal jurisdiction over them and that venue was improper in the Northern District of Indiana.  *Id.* at *1.  In addressing the motion, the Honorable Judge Robert J. Miller, Jr. first pointed out that:

> Unlike subject matter jurisdiction, which relates to the court's Article III constitutional power, personal jurisdiction flows from the due process clause . . . *This renders claims regarding lack of personal jurisdiction able to be voluntarily waived or forfeited. Challenges to a court's personal jurisdiction over a defendant are considered forfeited if not properly raised at the right time.*

*Id*. (*emphasis added)* (citations and footnote omitted).  Thus, according to Judge Miller, "Once the defendant has 'submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction.'" *Id.* (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993)

5

In *Kellams*, the defendant had first filed a limited appearance "that stated it was for purposes of contesting personal jurisdiction." *Id.* Then, rather than filing a motion actually contesting personal jurisdiction, the defendant elected to file a motion "to stay all matters because a related case was being litigated in Texas." *Id.* This motion was opposed and the defendant filed a reply brief. *Id.* The Court denied the motion and several days later, the defendant then filed his motion contesting personal jurisdiction and venue. *Id.*

Judge Miller addressed that motion by applying the two prong test set forth in *Mobile Anesthesiologists*. Judge Miller concluded that the first prong ("whether the defendant's actions led the plaintiff to believe that the defendant would defend on the merits") favored the *Kellams* defendant. *Id.* at *3. The second prong ("whether the defendant caused 'the court to go to some effort that would be wasted if personal jurisdiction is later found lacking'" *Mobile Anesthesiologists*, 623 F.3d at 443), however, favored plaintiffs:

> Had the Rule 12(b)(2) motion contesting the court's personal jurisdiction over [defendant] been filed first and had the court granted the motion, the court wouldn't have had to decide whether the merits of the Indiana case really were dependent on the outcome of the Texas case and whether the litigants were, for all practical purposes, the same in each suit.

*Kellams, 2012 WL 1200781* at *3. The Court also implied that defendant had apparently wanted to find out which way the wind was blowing:

> [Defendant] first asked the court to decide such issues as whether a stay would tactically disadvantage the non-moving party and whether the stay would simplify the issues and streamline trial. . . . . Only after an unfavorable ruling on that motion did [defendant] contest the court's jurisdiction over him.

*Id.* But, by proceeding in that fashion, Judge Miller concluded that the defendant "availed himself of the power of the court. . ." *Id.* Judge Miller then held "[o]nce a party has asked the court to rule on such a matter, the party can't later claim the court has no power over him." *Id.* Judge Miller also concluded that the defendant had forfeited his claim to improper venue "by the

6

same act as he forfeited the personal jurisdiction . . ." *Id*. at *4.  Judge Miller's holding in *Kellams* is directly on point in this instance.

The contents of the Motion, as well as the subsequent actions Mr. Gwyther took in support of the Motion and his conduct in advancing this litigation, unequivocally communicated to Global and this Court that he was both content with this venue and that he intended to defend on the merits *in this Court*.  In fact, in his reply brief, Gwyther emphatically stated that "*Mr. Gwyther will carry his burden of proof on invalidity . . .*" [Doc. 25 at p. 2 (emphasis added)].  Mr. Gwyther also requested a hearing be held in May 2016 on the Motion and requested dates for filing summary judgment briefs.  Further, jointly selecting a mediator *for this action* clearly gave Global a reasonable expectation that Gwyther would go forward *in this action* to engage in settlement discussions.  Mr. Gwyther's conduct satisfies the first prong of the *Mobile Anesthesiologists* test.

The second prong of the *Mobile Anesthesiologists* test is also satisfied by Mr. Gwyther's conduct.  Mr. Gwyther specifically availed himself of the power of this Court by asking for, *and obtaining*, affirmative relief from this Court.  This relief included being excused from complying with this Court's local patent rules because "[i]t is unclear whether he could continue defending himself through the many months it might take to complete claim construction and discovery according to the local patent rules." [Doc. 16 at pp. 5-6] and limiting discovery in this action*.*  It is axiomatic that a timely change of venue motion and/or a challenge to personal jurisdiction, if granted, would have excused Mr. Gwyther from complying with this Court's local rules *because this action would no longer be before this Court.*  But, like the defendants in *Kellams*, Gwyther apparently elected to "find out which way the wind is blowing" by first filing the Motion with no mention of his challenges to personal jurisdiction or venue.

7

There is no question that Mr. Gwyther's conduct satisfies *both* prongs of the *Mobile Anesthesiologists* test.  Gwyther made it clear to Global (and this Court) that he would defend this action on the merits in this Court.  *Mobile*, 623 F.3d at 443.  Likewise, Gwyther caused this Court "to go to some effort" which will now be wasted if personal jurisdiction is found lacking or that venue is improper in this Court.  *Id.*  This Court should therefore hold that Mr. Gwyther waived any argument that this Court lacks personal jurisdiction over him and that venue is improper in this Court.

### III. CONCLUSION

For all of the reasons set forth above, Global requests this Court to hold that Gwyther has forfeited his right to challenge whether this Court has personal jurisdiction over him and that venue is improper in this action.

Dated: March 17, 2016         s/Dean E. McConnell
                              Dean E. McConnell, Esq.  Atty No. 20254-49
                              INDIANO & McCONNELL LLP
                              9795 Crosspoint Blvd., Suite 185
                              Indianapolis, IN  46256
                              Phone:  (317) 912-1331
                              Fax:  (317) 927-8279
                              dean@im-iplaw.com


                               s/Gregg S. Gordon
                              Gregg S. Gordon, Attorney No. 19360-49
                              Of Counsel, Cremer & Cremer
                              8038 N 600 W, Ste 400
                              McCordsville, Indiana 46055
                              Telephone: (317) 335-3360
                              Fax:  (317) 335-3361
                              GGordon@Geistlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on this 17th day of March 2016, by way of the Court's electronic filing system, and that a copy of this filing will be sent to all counsel of record via the Court's electronic filing system.

/s/  Dean E. McConnell