IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GLOBAL ARCHERY PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:15-cv-297-JVB-SLC |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| JORDAN GWYTHER d/b/a | ) | |
| LARPING.ORG and UPSHOT ARROWS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF GLOBAL ARCHERY
PRODUCTS, INC.'S REPLY BRIEF TO BRIEF OF AMICUS CURIAE BY
ELECTRONIC FRONTIER FOUNDATION**

Plaintiff Global Archery Products, Inc. ("Global Archery"), by counsel, hereby replies to *Brief of Amicus Curiae Electronic Frontier Foundation In Opposition to Plaintiff's Motion for Temporary Restraining Order and For Preliminary Injunction* ("Amicus Brief") [Doc. 37] filed by the Electronic Frontier Foundation ("EFF").

**I.   GWYTHER'S SPEECH IS FALSE AND MISLEADING COMMERCIAL SPEECH AND NOT A PUBLIC FORUM ENTITLED TO FIRST AMENDMENT PROTECTION**

The Amicus Brief wrongfully argues that Gwyther's GoFundMe page and YouTube video (collectively the "FUD Campaign")[1] do not constitute commercial speech.  Gwyther is in the business of selling bows and non-lethal arrows through his businesses ran at larping.org and upshotarrow.com.  The speech in question is directly related to the non-lethal arrows that Gwyther sells and the tortious acts complained of by Global Archery in its complaint and amended complaint (albeit Gwyther omits numerous material facts in the FUD Campaign).

---

[1] A FUD Campaign is a campaign designed to spread fear, uncertainty and doubt in the minds of consumers to discourage them from purchasing competitive products.  See *Western Duplicating, Inc. v. Riso Kagaku Corporation,* 2000 WL 1780288 (E.D. Cal. 2001).

1

Gwyther's GoFundMe page clearly constitute commercial speech and includes several false and misleading statements that paint a false and misleading picture about the true nature of and facts surrounding this lawsuit.

As previously pointed out, "[t]he First Amendment provides broad protection to speech, but not all speech. Commercial speech receives lesser protection and false or misleading commercial speech receives no protection at all." *U.S. v. Benson*, 561 F.3d 718, 725 (7th Cir. 2009).  (citing *Bolger v Youngs Drug Products Corp*, 463 U.S. 69, 60-67, 103 S.Ct. 2875, 77 L.Ed2d 469 (1983))  *See also Jordan v. Jewel Food Stores, Inc., 743 F.3d 509, 515 (7th Cir. 2014).*  The Court in *Benson* held that appropriate considerations to determine whether speech is commercial "include whether (1) the speech is an advertisement; (2) the speech refers to a specific product; and (3) the speaker has an economic motivation for the speech." *Benson, 561* F.3d at 725.

As in the *Jordan* case, Gwyther's FUD Campaign amounts to a direct way to market, promote, and draw attention to his business and products (i.e. - constitutes an advertisement). There can simply be no other rational conclusion.  Further, the FUD Campaign repeatedly refers to the products that Gwyther's business sells (i.e. - the arrows at issue in this case).  It is readily apparent that Gwyther has at least two economic motivations for the FUD Campaign.  First, he is requesting the donation of money from individuals to fund the litigation that his <u>businesses</u> are involved in with Global Archery.  The second economic motivation comes in the form of the attention his business and products have gotten in the media, which Global believes has amounted to an economic windfall for Gwyther's businesses and his sales of arrows.  Gwyther's FUD Campaign is commercial speech and several statements made are false and misleading and therefore receive no protection.  The Amicus Brief misses this point.

## II. GWYTHER'S OWN ACTIONS DEMONSTRATE THE FUD CAMPAIGN IS COMMERCIAL IN NATURE AND NOT A "PUBLIC FORUM" FOR DEBATE

Gwyther's GoFundMe page has received numerous comments posted by members of the public in the "Comments" section of the GoFundMe page. Gwyther and EFF argue to this Court that Global Archery is attempting to violate Gwyther's First Amendment rights by requesting that Gwyther be enjoined from issuing false and misleading statements. The Amicus Brief makes repeated arguments that Global Archery is trying to silence Gwyther and others on a topic of great importance, which could not be further from the truth.[2]

What is utterly ironic is that Gwyther has removed one or more "negative" comments that he has received on his GoFundMe page. Evidently, Gwyther wants to have his businesses' commercial speech protected under the First Amendment, but silences any critic who disagrees with his businesses' actions by deleting negative posts. If the FUD Campaign is designed for public debate and the dissemination of information, Gwyther's actions clearly demonstrate that he only wants a one sided debate and doesn't want those educated on the actual facts of this case to be heard. Gwyther silences his critics through the deletion of their comments and this action flies in the face of Gwyther and EFF's arguments to this Court.

On February 9, 2016, an individual under the screen name of Francesco Pregliasco posted a comment on Gwyther's GoFundMe page. *See* Exhibit A, Pages 9-10. The comment posted read as follows:

> I just read a different interpretation on reddit (here: https://www.reddit.com/r/LARP/comments/44tbai/the_end_of_larp_archery_in_america/ ; I'll paste it in this post) How do you respond? ===
> **Ok, so contrary to what this guy wants to have you believe, the truth is actually way different. In fact, I would go so far as to say that I believe he is lying to everyone (at**

---

[2] Together with this filing Global Archery is submitting a new proposed Preliminary Injunction Order that more narrowly tailors Global Archery's requested relief.

3

**the very least by omission).** Let me break things down for you in order for you to see why. First of all, if you take a look at the original court filing you will notice that the filing alleges 9 torts (basically 9 things that "Larping" did to harm Global Archery). These are as follows (taken from iniplaw.org): • Count I: Infringement of the '413 Patent by Larping • Count II: Infringement of the '159 Patent by Larping • Count III: Infringement of Federal Trademarks • Count IV: False Designation of Origin/Unfair Competition • Count V: False Advertising • Count VI: Tortious Interference with Contractual Relations • Count VII: Tortious Interference with Business Relationships • Count VIII: Criminal Mischief • Count IX: Deception So... lets begin to break down each alleged tort. In the first count, we see a patent infringement but not quite in the way that the video would have you believe. **The patent is in-fact not on ALL forms of boffer arrows but rather it describes a very specific design that requires a specially manufactured piece.** The standard foam boffer arrow has nothing to do with this design and is not subject to patent infringement. To be specific, what is claimed is: a generally cylindrical foam tip connected with said foam tip connector end. The non-lethal arrow of claim 1, wherein said foam tip connection end includes a plurality of securing barbs extending circumferentially about said foam tip connection end. The non-lethal arrow of claim 2, wherein said securing barbs taper upwardly toward a back surface thereby allowing said securing barbs to grip said foam tip. The non-lethal arrow of claim 1, wherein said shaft connection end includes a plurality of fins extending upwardly from said elongate cylindrical portion. The nonlethal arrow of claim 4, wherein said fins taper upwardly from a rear end of said elongate cylindrical portion to an outside edge of said foam tip connection end. The non-lethal arrow of claim 4, wherein said foam tip is hemispherical in shape. (Emphasis mine) As you can see, the patent is mostly about a specific foam connector that rests on the shaft and is used, in part, to secure the foam head to the arrow through barbs on the front surface with fins behind that surface for structural reasons. That is not all boffer arrows, only one specific design. I will admit that I do not know about the arrows sold by Larping as to whether or not the ones they sell had this feature prior to the filing of the patent (which was actually before 2013 btw, that is when they were granted their full patent). I will leave that for those more knowledgeable than me to decide. As for the second patent, it is basically a 2.0 version of the previous design which introduces a few novel aspects to the first one's design. I will leave you all to look at it, but it is essentially an even more specific design than the previous one which once again **DOES NOT IN ANY WAY THREATEN ALL LARPING ARCHERY.** The third count is where the story takes an interesting turn. In this count, Global alleges that Larping specifically began marketing its products with the "Archery Tag" keyword (and buying google ads with that specific phrase) even though "Archery Tag®" is a registered trademark of Global. This constitutes a serious breach of trademark law and would be akin to Larping marketing their products as being Nerf™ or something of that nature. The fourth count directlly links back to the third and basically says that because Larping was selling their arrows using the "Archery Tag" that they are misleading the consumers as to the nature of the product. This is akin to Larping selling their products as Nerf™. The fifth count refers to Larping making the claim that their arrows are "Better than Archery Tag!" which Global claims is false advertising as Larping has done nothing to prove that this is the case. In the sixth count, we see more juicy allegations. In this count, Global alleges that that Larping specifically obtained a list

4

>of Global licensees from their website and "Larping [had] contacted Global's licensees and made false, misleading and/or deceptive statements to Global's licensees to further Larping's own business opportunities, promote the sale of its products and induce Global's licensees to breach their contracts with Global." I will let this one hang on its own, but if it is true that these represent some seriously illegitimate business practices on Larping's part. The seventh count specifically relates to the dissemination of false i

[emphasis added].  Shortly after being posted, Gwyther removed this comment, and upon information and belief, removed various other negative comments posted on his GoFundMe page as well.  *See* Exhibit B.

Thus, Gwyther has acted as his own censor on his businesses' GoFundMe page by removing comments that were against or critical of his businesses' cause.  Gwyther's actions with respect to quelling the free speech of those critical of his cause speaks louder than words.  Why would Gwyther remove posts against his businesses' cause if, as it has been represented to this Court, it is a public forum entitled to First Amendment protections?  The reason is simple, Gwyther's GoFundMe page is not a "public forum" in which all are free to post their thoughts and express concerns but rather is nothing more than unadulterated commercial speech designed to fund Gwyther's businesses and any negative comments about his businesses' actions are removed so that he can continue to reap financial gain from the FUD Campaign.  Gwyther's arguments regarding freedom of speech ring hollow in light of his own actions.

### III. STATEMENTS IN THE FUD CAMPAIGN ARE LITERALLY FALSE, IMPLICITLY CONVEY A FALSE IMPRESSION, ARE MISLEADING IN CONTEXT AND ARE LIKELY TO DECEIVE CONSUMERS

Gwyther attempts to avoid the consequences of his actions by broadly characterizing all of his statements as mere "opinions," which is not the case.  This characterization is incorrect given the unequivocal false and misleading statements of fact made by Gwyther in his advertising of:

1) **"I'm reaching out to you today with something that has the potential to ruin larp in North America"** - This falsely and misleadingly implies that this case has the potential to ruin live action role play (larp) in North America.  This case clearly does not have any potential whatsoever to ruin the entire larping hobby in North America.  The case has consequences for Gwyther and no one else.

2) **"The End of Larp Archery in North America."** - Again, this falsely and misleadingly implies that this case is going to be the end of larp archery in North America. This case clearly does not mean the end to larp archery in North America and making this type of statement is reckless and akin to yelling fire in a crowded theatre.  It is designed to instill fear in the larping community.

3) **"right now, the state of the entire larp community is at risk."** - This statement falsely and misleadingly states that *right now* the state of the entire larp community is at risk. Not just the larp archery community, but the "entire" larp community.  This case has no such dramatic implications on the entire larp hobby and is not deserving of such a radical false and misleading statement.  Gwyther is the only one at risk of consequences from this action and not the entire larping community.

4) **"He has made it clear that he wishes for his foam tipped arrow to be used only for the purpose of Archery Tag which he claims to have invented along with the foam tipped arrow."** - Where has Global Archery made it clear that its arrows can only be used for Archery Tag® non-lethal combat events?  Global Archery's arrows are, in fact, used for other events (e.g. - S.A.F.E. archery events).  Global Archery's non-lethal arrows have even been used for larping events.  As such, this statement is patently false and misleading.

6

5) **"This would mean that if we lose this case, archery in larp, within North America, might end."** - Again, this is a false, misleading and reckless statement intended to unnecessarily instill fear in the larping community.  First of all, it falsely and misleadingly implies that if "we" (i.e. - the entire larp community) lose this case archery in larp, in North America, might end, as if the case is against all larpers.  Gwyther is the only defendant and Gwyther is the only one that would be affected by "losing" this case.  Next, the statement falsely and misleading implies that larp archery in North America might end if the case is lost, which is simply not the case.

6) **"I was hoping to deal with this myself and asked for the case to be dropped at the very beginning, however, it appears that he has no intention of doing that."** - This statement is false and misleading.  Global Archery, by way of its counsel, has informed Gwyther's counsel from day one that Global Archery is willing to amicably settle this matter given the nature of the case.  Other than simply demanding that Global Archery drop the case, Gwyther has been unwilling to engage in <u>any</u> meaningful dialogue with Global Archery regarding reaching an amicable settlement.  In fact, Global Archery has offered to settle the case and Gwyther rejected Global Archery's offer.

7) **"The profit of the arrows has been very little compared to the damages they are seeking."** - This statement is false and misleading.  Global Archery has not made any certain monetary demand in the pleadings in this case, to Gwyther, or to Gwyther's counsel.  In fact, Global Archery made a settlement offer to Gwyther which did not require Gwyther to pay any sum of damages to Global Archery and the offer was rejected by Gwyther.

*See* [Doc. 24, Exhibit B].  Likewise, Gwyther affirmatively states that the non-patent claims "are completely untrue, while others are 'junk' that is trying to be passed off as breaking the law

7

*when in fact we have done nothing wrong*." (emphasis added). *Id.* These statements are not opinions. These are statements of alleged "fact".

Moreover, Gwyther is simply wrong when he claims that his FUD Campaign is nothing more than his "opinion" about potential future outcomes. In *Western Duplicating, Inc. v. Riso Kagaku Corporation,* 2000 WL 1780288 (E.D. Cal. 2001), the defendant engaged in a campaign "to spread fear, uncertainty and doubt (FUD marketing) in the minds of consumers to discourage them from purchasing competitive" products. *Id.* at 2. As part of that campaign, the defendant produced "warnings" about what *might* happen if competitors' products were used. *Id.* The *Western Duplicating* court properly rejected the argument that opinions about what "might" happen are not actionable stating that the Lanham Act "encompasses more than blatant falsehoods. It embraces innuendo, indirect imitations, and ambiguous suggestions evidenced by the consuming public's misapprehension of the hard facts underlying an advertisement." *Id.*

Gwyther's FUD Campaign is designed to spread fear, uncertainty and doubt in the minds of consumers (including Global Archery's clients) in order to discourage them from purchasing Global Archery's products and to purchase Gwyther's products. To accomplish this result, Gwyther clearly warns consumers that if Global Archery prevails in this lawsuit then it will be "THE END OF LARP ARCHERY IN NORTH AMERICA" and "This would mean that if <u>we</u> lose this case, archery in larp, in North America, might end." *See* [Doc 24, Exhibit B]. These statements are false and misleading in numerous contexts.

Finally, it is established law that "[a] failure to disclose a material fact can support a claim under section 43(a)." *Gillette Co. v. Norelco Consumer Prods. Co.*, 946 F. Supp. 115, 131 (D. Mass. 1996). *See also U.S. Heathcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 921 (3rd Cir. 1990) ("a statement is actionable under § 43(a) if it is affirmatively misleading,

partially incorrect, or untrue as a result of failure to disclose a material fact.")(Quoting 2 J. McCarthy, *Trademarks and Unfair Competition* § 27:7B (2d ed. 1984)).  The FUD Campaign completely ignores material facts which include:

- This action was also initiated to enforce the ARCHERY TAG® trademarks;

- This action was also initiated to stop Gwyther from falsely and misleadingly continuing to state that his arrows are better than Global Archery's arrows;

- This action was also initiated to force Gwyther to cease his tortious interference with Global Archery's business relationships (*See* Exhibit C - Redacted email from a Global Archery licensee complaining about a Larping.org representative directly contacting them to purchase Larping.org arrows and that the Larping.org representative told him that he used Global Archery's website to obtain their contact information); and

- Gwyther has admitted receiving some $47,000.00 from his sale of the Larp Arrows. *See* Gwyther's *Motion for Relief from Local Patent Rules, For Limited Discovery, and for a Show-Cause Hearing* at paragraph 2 [Document 16).

Nor should it be lost on the Court that in his FUD Campaign, Gwyther continues to use the term "Archery Tag" in a manner to competitively market his own products.  *See* [Doc. 24, Exhibit B].

Taken in whole and in context, Gwyther's GoFundMe page and YouTube video constitute a FUD Campaign against Global and the result of Gwyther's FUD Campaign on Global has been significant and is ongoing.

9

## IV.  CONCLUSION

For the foregoing reasons, this Court should grant a preliminary injunction enjoining Gwyther from making the false and misleading statements made in his businesses' FUD Campaign.

Dated: March 16, 2016

 s/Dean E. McConnell
Dean E. McConnell, Esq.  Atty No. 20254-49
INDIANO & McCONNELL LLP
9795 Crosspoint Blvd., Suite 185
Indianapolis, IN  46256
Phone:  (317) 912-1331
Fax:  (317) 927-8279
dean@im-iplaw.com


 s/Gregg S. Gordon
Gregg S. Gordon, Attorney No. 19360-49
Of Counsel, Cremer & Cremer
8038 N 600 W, Ste 400
McCordsville, Indiana 46055
Telephone: (317) 335-3360
Fax:  (317) 335-3361

GGordon@Geistlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on this 16th day of March 2016, by way of the Court's electronic filing system, and that a copy of this filing will be sent to all counsel of record via the Court's electronic filing system.

/s/  Dean E. McConnell