IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GLOBAL ARCHERY PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:15-cv-297-JVB-SLC |
| | ) | |
| v. | ) | |
| | ) | |
| JORDAN GWYTHER d/b/a | ) | |
| LARPING.ORG and UPSHOT ARROWS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF GLOBAL ARCHERY PRODUCTS, INC.'S
REPLY BRIEF ON PERSONAL JURSIDICTION AND VENUE**

Plaintiff Global Archery Products, Inc. ("Global"), by counsel and pursuant to the Court's *Order* [Doc. 34] hereby submits its reply brief regarding personal jurisdiction and venue.

**I.   DEFENDANT WAIVED HIS ABILITY TO CHALLENGE EITHER PERSONAL JURISDICTION OR IMPROPER VENUE**

Defendant Jordan Gwyther d/b/a Larping.Org and Upshot Arrows ("Mr. Gwyther") has waived any argument that this Court lacks personal jurisdiction over him and/or that venue in this Court is improper.  Mr. Gwyther attempts to avoid this conclusion by arguing that he did "timely asserted these defenses in a 'responsive pleading' as required by Fed. R. Civ. P. 12(b)(h)."  *Defendant's Response to Plaintiff's Brief on Personal Jurisdiction* [Doc 41 at p. 6.].  But this argument ignores the fact that simply asserting a jurisdictional defect in a responsive pleading does not preserve the defense in perpetuity.  *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citing *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y.1985).  Instead, the test to determine whether these defenses have been waived is whether a defendant gave the plaintiff "a reasonable expectation that it will defend the suit on the merits *or* [caused] the court to go to some effort that would be wasted if personal jurisdiction is

later found lacking." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).  And this is precisely what occurred in these proceedings: Mr. Gwyther gave Global the reasonable expectation that Mr. Gwyther intended to defend this lawsuit on its merits *and* Mr. Gwyther caused this Court to go to some effort that will now be wasted if personal jurisdiction is now found to be lacking.

As discussed in Global's original brief on personal jurisdiction [Doc. 38], Mr. Gwyther filed his *Motion for Relief from Local Patent Rules, For Limited Discovery, and for a Show-Cause Hearing* (the "Motion") [Doc 16] seeking affirmative relief from this Court by asking it to suspend application of the *Local Rules of the United District Court for the Northern District of Indiana* and specifically Patent Rule 1-1 through 6-1.  If this Court lacked personal jurisdiction over Mr. Gwyther or if this venue was improper, then such relief was unnecessary *because this Court's local rules would not be applicable*.  Despite this fact, Mr. Gwyther was granted the relief he requested thereby requiring this Court to expend efforts that would now be wasted if personal jurisdiction was not proper.

Mr. Gwyther also attached to his Motion several exhibits including a copy of the German patent (which Mr. Gwyther contended constituted prior art as a defense to the patent claims being asserted by Global), a translation of that patent provided by Google Patents [Doc. 16-1] and included legal argument as to why Global's patent claims were "highly dubious" in light of the German patent.  [Doc. 16 at p. 4].  These exhibits and arguments were specifically addressed to the merits of the claims being asserted by Global as justification for the relief being sought.  Again, if this Court lacked the ability, either because there was no personal jurisdiction over Mr. Gwyther or because venue was improper, to address the merits of Global's claims then such information was completely unnecessary.  But, by putting such information before the Court, Mr.

Gwyther specifically asked the Court to review Global's claims and gave Global the reasonable expectation that Mr. Gwyther intended to defend this lawsuit on its merits.  Therefore, under both prongs of *Mobile Anesthesiologists Chicago, LLC*, Mr. Gwyther waived the defenses of lack of personal jurisdiction and improper venue when he filed and argued the Motion without affirmatively raising these defenses.

Nor does the fact that the Court granted the Motion alter this conclusion.  A third basis for a court to find that a defendant has waived or forfeited such defenses is when a defendant stalls in pleading such defenses "because he wants to find out which way the wind is blowing . . ." *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.,* 364 F.3d 884, 887-888 (7th Cir. 2004).  According to Mr. Gwyther, because the Court granted the Motion, he is absolved of any intent to file a motion to see "which way the wind was blowing".  [Doc. 41 at p. 8] ("…in any event, Mr. Gwyther *won* his motion.") (emphasis in original).  Mr. Gwyther's argument, however, misses the point.

It is not how the "wind blowing" motion is resolved.  It is the fact that a defendant purposely delays challenging either personal jurisdiction or venue while at the same time asking for affirmative, merit-based relief from the court that suggests a defendant is testing the wind.  In other words, a defendant is testing the wind when he invokes the power of a court to obtain affirmative relief but waits to formally challenge either venue or personal jurisdiction until such time the defendant is no longer satisfied with the court's ruling.  And this is precisely the tactic Mr. Gwyther was attempting.

Mr. Gwyther did not raise either defense after the Court ruled on his Motion.  Nor did Mr. Gwyther raise either of these defenses after Global sought to amend its complaint or obtain injunctive relief against Mr.  Gwyther.  Instead, Mr. Gwyther again sought affirmative, merit-

based relief from the Court by asking it to deny Global's request for injunctive relief as well as Global's request to amend its complaint *based on the merits of Global's claims. See Defendant's Response to Plaintiff's Motion for Leave to File Amended Complaint and Motion for Temporary Restraining Order, Preliminary Injunction and Hearing* [Doc 27]. This filing, like the Motion and Mr. Gwyther's other filings [Doc. 25 and 28], was devoid of any reference to these defenses. In fact, if it was not until the Court directed that these defenses be briefed [Doc. 34] that Mr. Gwyther formally asserted either of these defenses *as well as asserting a factual basis and legal argument to support them*. [Doc.s 41 and 42]. All of this information could have been presented to the Court when Mr. Gwyther filed his Motion and/or when he responded to Global's requests to amend its complaint and obtain injunctive relief.[1] Mr. Gwyther did not do so.

## II.     CONCLUSION

Mr. Gwyther clearly chose to proceed in this Court. Mr. Gwyther repeatedly asked the Court to expend time addressing merit related issues – issues which would have been moot if this Court lacked personal jurisdiction over Mr. Gwyther or if venue was improper. And the Court acted on those requests, taking actions that will now be wasted if personal jurisdiction is found to be lacking or that venue is improper.

Mr. Gwyther's actions in this Court also gave Global the reasonable expectation that Mr. Gwyther would defend this action on the merits. As demonstrated above, it was not until the Court forced the issue of personal jurisdiction and venue did Mr. Gwyther make any effort, beyond bare assertions that such defenses existed, to formally assert that he would not defend this action on the merits. Instead, Mr. Gwyther gave every indication that he would defend this

---

[1] It should be noted that while Mr. Gwyther represented to the Court (in support of his Motion) on February 1, 2016 that the gross sales of the form arrows at issue did not exceed $47,000 [Doc. 16-2], Mr. Gwyther's discovery responses indicate that he has received some $9,000.00 from persons in Indiana who purchased products from him. This is hardly minimum contacts with the State of Indiana.

action on the merits even going so far as serving merits discovery on March 25, 2016 and noticing the deposition of Global's president for May 6, 2016 – actions which occurred *after* the Court ordered the defenses of personal jurisdiction and improper venue be briefed.  Clearly, the expectation that Mr. Gwyther would defend this action on the merits is reasonable.

For these reasons, Global requests this Court to hold that Gwyther has forfeited his right to challenge whether this Court has personal jurisdiction over him and that venue is improper in this action.  Further, Mr. Gwyther has substantial sales ($9000.00) of product in the State of Indiana and cannot argue that he cannot reasonably be expected to defend actions in the State of Indiana based on those sales.  Multiple customers providing thousands of dollars in revenue to Mr. Gwyther from the State of Indiana supports Global's position.

Dated: March 17, 2016

   s/Dean E. McConnell
Dean E. McConnell, Esq.  Atty No. 20254-49
INDIANO & McCONNELL LLP
9795 Crosspoint Blvd., Suite 185
Indianapolis, IN  46256
Phone:  (317) 912-1331
Fax:  (317) 927-8279
dean@im-iplaw.com

   s/Gregg S. Gordon
Gregg S. Gordon, Attorney No. 19360-49
Of Counsel, Cremer & Cremer
8038 N 600 W, Ste 400
McCordsville, Indiana 46055
Telephone: (317) 335-3360
Fax:  (317) 335-3361
GGordon@Geistlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on this 15th day of April 2016, by way of the Court's electronic filing system, and that a copy of this filing will be sent to all counsel of record via the Court's electronic filing system.

/s/  Dean E. McConnell