# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

GLOBAL ARCHERY PRODUCTS, INC.,

    Plaintiff,

    v.

JORDAN GWYTHER d/b/a
LARPING.ORG and UPSHOT ARROWS,

    Defendant.

Case No.: 1:15-CV-297-JVB-SLC

# OPINION AND ORDER

Defendant claims this Court lacks personal jurisdiction over him and venue is improper. For the following reasons, the Court finds it lacks personal jurisdiction over Defendant, and therefore dismisses this case. The Court need not reach the issue of venue.

**A.**     **Background**

Plaintiff Global Archery Products, Inc., and Defendant Jordan Gwyther d/b/a Larping.org and Upshot Arrows are both in the business of non-lethal arrows. Plaintiff sued Defendant for:

    (1)     patent infringement;

    (2)     trademark infringement, false advertising, and unfair competition in violation of federal trademark law; and

    (3)     tortious interference with contractual relationships, tortious interference with business relationships, criminal mischief, and deception in violation of Indiana law.

(Compl., DE 1 at 1.)

Plaintiff is an Indiana corporation, with its principal place of business in Indiana. (Compl., DE 1 at 1.) Defendant lives in Washington State. (Answer Compl., DE 11 at 2.)

In his Answer, Defendant denies this Court has personal jurisdiction over him. (Answer Compl., DE 11 at 3–4, 27.)

Defendant again contests personal jurisdiction in the Report of Parties' Planning Meeting: "Mr. Gwyther denies that this court has personal jurisdiction over him." (RPPM, DE 15 at 1.)

On February 1, 2016, Defendant moved for relief from local patent rules, for limited discovery, and for a show-cause hearing regarding dismissal pursuant to Rule 56. On February 22, 2016, Magistrate Judge Collins suspended the local patent rules and granted limited discovery, but did not grant a show-cause hearing.

On February 26, 2016, the Court ordered the parties to brief the issues of personal jurisdiction and venue. The parties fully complied in the following months. Plaintiff's briefs focus almost exclusively on the argument that Defendant waived these defenses.

On March 31, 2016, Plaintiff stipulated to the dismissal of the patent counts with prejudice, pursuant to Rule 41(a)(1)(A)(ii). (Stip. Dismissal Patent Counts, DE 40.)

On May 13, 2016, Plaintiff admitted the Court lacks personal jurisdiction over Defendant absent waiver: "If the Court concludes that the multitude of Mr. Gwyther's actions did not waive Mr. Gwyther's claims of lack of personal jurisdiction and improper venue, then this action should be dismissed." (Pl.'s Reply Supp. Mot. Stay Disc., DE 48 at 4.)

**B.      Discussion**

Because Plaintiff agrees that absent a waiver, this Court has no personal jurisdiction over Defendant, the case before this Court hinges on whether Defendant waived his personal jurisdiction defense.

While admitting Defendant raised the personal jurisdiction defense in his Answer and subsequently, Plaintiff argues he waived this defense by moving on February 1, 2016, for relief from local patent rules, for limited discovery, and for a show-cause hearing (DE 16); by supporting that motion; and by otherwise advancing this litigation.

**(1)      *Legal standards regarding waiver***

Lack of personal jurisdiction is a Rule 12(b)(2) defense. A defendant must assert such a defense in the responsive pleading if one is required, but a defendant may assert such a defense by motion before filing a responsive pleading. Fed. R. Civ. P. 12(b).

A defendant waives a personal jurisdiction defense either by failing to raise it by a Rule 12 motion, or by failing to include it in a responsive pleading. Fed. R. Civ. P. 12(h).

A defendant also waives a personal jurisdiction defense by violating either of the two prongs in the test set forth in *Mobile Anesthesiologists*:

> To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.

*Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc.'s of Houston Metroplex*, 623 F.3d 440, 443 (7th Cir. 2010).

**(2)** *Analysis*

Defendant asserted his personal jurisdiction defense (twice) in his Answer. (Answer Comp., DE 11 at 3–4, 27.) Defendant therefore did not waive this defense under Rule 12(h). *See also Am. Patriot Ins. Agency v. Mut. Risk Mgmt.*, 364 F.3d 884, 887 (7th Cir. 2004) (regarding the venue defense: "The defendant can move as early as he wants but he is not required to file a motion. He has a right to wait until he files his answer.")

Nor did Defendant waive this defense under the two-pronged *Mobile Anesthesiologists* test.

Regarding the first prong, Defendant's actions did not give Plaintiff a reasonable expectation that Defendant would defend the suit on the merits, and drop his personal jurisdiction defense. Defendant raised the defense in his Answer. Defendant raised the defense again in the Report of Parties' Planning Meeting.

As Plaintiff notes, it is true that Defendant filed a motion seeking various relief after the Answer and the Report of Parties' Planning Meeting. Defendant sought relief from the local patent rules, limitations on discovery, and a show-cause hearing regarding dismissal pursuant to Rule 56. (Def.'s Mot. Relief. L.R., Limited Disc., Show-Cause Hr'g, DE 16.) But Defendant's requests regarding the local patent rules and discovery were perfunctory and relatively minor, and Magistrate Judge Collins easily granted them. (Prelim. Pretrial Conf., DE 33.) And Defendant's request for a show-cause hearing regarding Rule 56 was premature, so Magistrate Judge Collins simply reminded the parties not to file any summary judgment motions until this Court holds a further scheduling conference. (*Id.*)

It is also true that Defendant engaged in other litigation conduct, like agreeing to a mediator. But these also were only perfunctory, relatively minor activities. From an objective view, Defendant did not give Plaintiff a reasonable expectation that Defendant would defend the suit on the merits, and drop his personal jurisdiction defense, given that Defendant raised the defense early and often. (Answer Compl., DE 11 at 3–4, 27; RPPM, DE 15 at 1.) Thus, the first prong does not support waiver or forfeiture.

Regarding the second prong, Defendant did not cause the Court to go to some effort that would be wasted if personal jurisdiction is later found lacking. The Court granted an application to appear *pro hac vice* (DE 18); conducted a telephonic hearing regarding preliminary matters (DE 20); entered a minute order setting certain deadlines (DE 26); held a telephonic Rule 16 preliminary pretrial conference and quickly disposed of Defendant's motion for relief from the local patent rules, *etc.* (DE 33); ordered the parties to brief the issues of personal jurisdiction and venue (DE 34); and granted leave for an *amicus curiae* brief (DE 36). Again, these are perfunctory, relatively simple actions, only some of which were *caused* by the Defendant.

Defendant has not caused the Court to expend substantial judicial resources or effort. Moreover, any effort the Defendant caused the Court to expend will not be wasted if the Court dismisses this case for lack of personal jurisdiction because any such effort was incidental to moving the case to complete briefing on the issue of personal jurisdiction. Thus, the second prong does not support waiver or forfeiture.

Defendant was not testing the Court to see which way the wind blew. Rather, Defendant raised his personal jurisdiction defense in his Answer, and then raised it again. (Answer Compl., DE 11 at 3–4, 27; RPPM, DE 15 at 1.)

*Mobile Anesthesiologists* supports the conclusion that Defendant did not waive or forfeit his personal jurisdiction defense. In that case, the Seventh Circuit concluded the defendant did not waive or forfeit its personal jurisdiction defense, and affirmed dismissal. *Mobile Anesthesiologists*, 623 F.3d 440. The defendant had filed a motion to continue a preliminary injunction hearing, and had requested expedited discovery to prepare for the hearing. *Id.* at 443. Thirteen days after filing that motion, the defendant filed a motion to dismiss for lack of personal jurisdiction. *Id.* The Seventh Circuit held that the "preliminary actions do not come close to what is required for waiver or forfeiture." In the instant case, Defendant raised its personal jurisdiction defense at an even earlier procedural stage: in its first filing with the Court. Neither of the two prongs set out in *Mobile Anesthesiologists* support waiver.

The Court concludes Defendant did not waive or forfeit his personal jurisdiction defense.

As for the merits of this defense, Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant. *Advanced Tactical Ordnance Sys.'s, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). In its personal jurisdiction briefs, Plaintiff has not presented sufficient evidence to counter Defendant's claims, and Plaintiff's argument regarding personal jurisdiction is limited to a footnote and the last half of the last paragraph of the last brief. In any event, Plaintiff concedes that the Court lacks personal jurisdiction over Defendant, absent waiver. (Pl.'s Reply Supp. Mot. Stay Disc., DE 48 at 4.)

**C.     Conclusion**

The Court concludes that Defendant has not waived or forfeited his personal jurisdiction defense, and that the Court lacks personal jurisdiction over Defendant.

Therefore, the Court DISMISSES this case.

**SO ORDERED** on May 25, 2016.

                                           s/ Joseph S. Van Bokkelen
                                           JOSEPH S. VAN BOKKELEN
                                           UNITED STATES DISTRICT JUDGE